IN THE IOWA DISTRICT COURT IN AND FOR FILL COUNTY

| | |
|---|---|
| CLIFFORD RAYBURN and KRISTI RAYBURN,<br><br>      Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, STUSSE INSURANCE, INC. and RYAN STUSSE,<br><br>      Defendants. | Case No.: 1:23-cv-00027<br><br>**DEFENDANT ALLSTATE INDEMNITY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIM AND JURY DEMAND** |

COMES NOW Defendant, Allstate Indemnity Company ("Allstate"), and for its Answer to Plaintiffs' Complaint states as follows:

## <u>ANSWER</u>

### INTRODUCTION

1.     Paragraph 1 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 1 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

2.     Defendant Allstate denies Paragraph 2 of Plaintiffs' Complaint.

3.     Defendant Allstate denies Paragraph 3 of Plaintiffs' Complaint.

4.     Defendant Allstate admits Paragraph 4 of Plaintiffs' Complaint.

5.     Defendant Allstate denies Paragraph 5 of Plaintiffs' Complaint for lack of knowledge and information upon which to form a belief at this time.

6.     Defendant Allstate denies Paragraph 6 of Plaintiffs' Complaint for lack of knowledge and information upon which to form a belief at this time.

7.      In response to Paragraph 7 of Plaintiffs' Complaint, Defendant Allstate does not object to this Court exercising jurisdiction over the controversy, but denies the nature, extent, and causation of Plaintiffs' alleged injuries and damages.

8.      In response to Paragraph 8 of Plaintiffs' Complaint, Defendant Allstate does not object to this Court exercising jurisdiction over the controversy, but denies the nature, extent, and causation of Plaintiffs' alleged injuries and damages.

9.      In response to Paragraph 9 of Plaintiffs' Complaint, Defendant Allstate does not object to this Court exercising jurisdiction over the controversy, but denies the nature, extent, and causation of Plaintiffs' alleged injuries and damages.

## FACTUAL BACKGROUND

10.     Defendant Allstate restates paragraphs 1-9 as if stated herein.

11.     Defendant Allstate admits Paragraph 11 of Plaintiffs' Complaint.

12.     Defendant Allstate admits Paragraph 12 of Plaintiffs' Complaint subject to the policy terms, conditions, limitations, and exclusions from coverage.

13.     Defendant admits Paragraph 13 of Plaintiffs' Complaint subject to the policy terms, conditions, limitations, and exclusions from coverage.

14.     Paragraph 14 of Plaintiffs' Petition states a legal conclusion and thus requires no response of Defendant Allstate. To the extent a response is required, Defendant Allstate denies Paragraph 14 of Plaintiffs' Complaint.

15.     Defendant Allstate admits a fire occurred at 302 3rd Street, Earling, Iowa, but denies the remaining allegations of Paragraph 15 for lack of knowledge and information upon which to form a belief at this time.

16.     Defendant Allstate denies Paragraph 16 of Plaintiffs' Complaint.

17.    Defendant Allstate denies Paragraph 17 of Plaintiffs' Complaint.

18.    Defendant Allstate denies Paragraph 18 of Plaintiffs' Complaint.

19.    Defendant Allstate admits it received certain notice from Plaintiffs that a fire occurred at 302 3rd Street, Earling, Iowa, but denies any remaining allegations in Paragraph 19 of Plaintiffs' Complaint.

20.    Defendant Allstate admits Paragraph 20 of Plaintiffs' Complaint.

21.    Defendant Allstate admits it voided the contract, but denies any remaining allegations in Paragraph 21 of Plaintiffs' Complaint.

22.    Defendant Allstate denies Paragraph 22 of Plaintiffs' Complaint.

23.    Defendant Allstate denies Paragraph 23 of Plaintiffs' Complaint.

24.    Defendant Allstate denies Paragraph 24 of Plaintiffs' Complaint.

25.    Defendant Allstate denies Paragraph 25 of Plaintiffs' Complaint.

26.    Defendant Allstate did not issue a policy for long-term disability coverage.  To the extent this Paragraph 26 calls for a response from this Defendant, Defendant Allstate denies Paragraph 26 of Plaintiffs' Complaint.

27.    Defendant Allstate denies Paragraph 27 of Plaintiffs' Complaint.

28.    Defendant Allstate denies Paragraph 28 of Plaintiffs' Complaint.

29.    Defendant Allstate denies Paragraph 29 of Plaintiffs' Complaint.

## COUNT I – BREACH OF CONTRACT

30.    Defendant Allstate restates paragraphs 1-29 as if stated herein.

31.    Defendant Allstate admits Paragraph 31 of Plaintiffs' Complaint.

32.    Defendant Allstate denies Paragraph 32 of Plaintiffs' Complaint.

33.    Defendant Allstate denies Paragraph 33 of Plaintiffs' Complaint.

34.    Defendant Allstate denies Paragraph 34 of Plaintiffs' Complaint.

35.    Defendant Allstate denies Paragraph 35 of Plaintiffs' Complaint.

36.    Defendant Allstate denies Paragraph 36 of Plaintiffs' Complaint.

37.    Defendant Allstate denies Paragraph 37 of Plaintiffs' Complaint.

38.    Defendant Allstate denies Paragraph 38 of Plaintiffs' Complaint.

39.    Defendant Allstate denies Paragraph 39 of Plaintiffs' Complaint.

40.    Defendant Allstate denies Paragraph 40 of Plaintiffs' Complaint.

41.    Defendant Allstate denies Paragraph 41 of Plaintiffs' Complaint.

WHEREFORE Defendant Allstate Indemnity Company having fully answered Count I respectfully requests the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under applicable law.

## COUNT II – DECLARATORY JUDGMENT

42.    Defendant Allstate restates paragraphs 1-41 as if stated herein.

43.    Paragraph 43 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 43 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

44.    Defendant Allstate denies Paragraph 44 of Plaintiffs' Complaint.

45.    Defendant Allstate denies Paragraph 45 of Plaintiffs' Complaint.

46.    Defendant Allstate admits that it voided the contract due to misrepresentation or fraud, but denies the remaining allegations of Paragraph 46 of Plaintiffs' Complaint.

47.    Defendant Allstate denies Paragraph 47 of Plaintiffs' Complaint.

48.    Defendant Allstate denies Paragraph 48 of Plaintiffs' Complaint.

49.    Paragraph 49 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 49 calls for a response from this Defendant, Defendant Allstate denies.

50.    Paragraph 50 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 50 calls for a response from this Defendant, Defendant Allstate denies.

51.    Paragraph 51 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 51 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

52.    Paragraph 52 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 52 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

WHEREFORE Defendant Allstate Indemnity Company having fully answered Count II respectfully requests the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under applicable law.

## COUNT III – REFORMATION OF THE CONTRACT

53.    Defendant Allstate restates paragraphs 1-53 as if stated herein.

54.    Paragraph 54 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 54 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

55.     Paragraph 43 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 43 calls for a response from this Defendant, Defendant Allstate denies.

56.     Paragraph 56 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 56 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

57.     Paragraph 57 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 57 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

58.     Defendant Allstate denies Paragraph 58 of Plaintiffs' Petition.

59.     Paragraph 59 and its subparts (a) through (d) of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 59 and its subparts (a) through (d) calls for a response from this Defendant, Defendant Allstate denies.

60.     Paragraph 60 of Plaintiffs' Complaint does not call for a response from Defendant Allstate.  To the extent Paragraph 60 calls for a response from this Defendant, Defendant Allstate denies.

WHEREFORE Defendant Allstate Indemnity Company having fully answered Count III respectfully requests the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under applicable law.

### COUNT IV – BAD FAITH

61.     Defendant Allstate restates paragraphs 1—60 as if stated herein.

62.     Paragraph 62 of Plaintiffs' Petition states a legal conclusion and thus requires no response of Defendant Allstate. To the extent a response is required, Defendant Allstate admits that it voided the contract due to misrepresentation or fraud, but denies the remaining allegations of Paragraph 62 of Plaintiffs' Complaint.

63.     Defendant Allstate denies Paragraph 63 of Plaintiffs' Petition.

64.     Defendant Allstate denies Paragraph 64 of Plaintiffs' Petition.

65.     Defendant Allstate denies Paragraph 65 of Plaintiffs' Petition.

66.     Defendant Allstate denies Paragraph 66 of Plaintiffs' Petition.

67.     Defendant Allstate denies Paragraph 67 of Plaintiffs' Petition.

68.     Defendant Allstate denies Paragraph 68 of Plaintiffs' Petition.

69.     Defendant Allstate denies Paragraph 69 of Plaintiffs' Petition.

70.     Defendant Allstate denies Paragraph 70 of Plaintiffs' Petition.

71.     Defendant Allstate denies Paragraph 71 of Plaintiffs' Petition.

72.     Defendant Allstate denies Paragraph 72 of Plaintiffs' Petition.

73.     Defendant Allstate denies Paragraph 73 of Plaintiffs' Petition.

74.     Defendant Allstate denies Paragraph 74 of Plaintiffs' Petition.

75.     Defendant Allstate denies Paragraph 75 of Plaintiffs' Petition.

WHEREFORE Defendant Allstate Indemnity Company having fully answered Count IV respectfully requests the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under applicable law.

## COUNT V – AGENT LIABILITY

76.     Defendant Allstate restates paragraphs 1—75 as if stated herein.

77. Paragraph 77 of Plaintiffs' Complaint does not call for a response from Defendant Allstate. To the extent Paragraph 77 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

78. Paragraph 78 of Plaintiffs' Complaint does not call for a response from Defendant Allstate. To the extent Paragraph 78 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

79. Paragraph 79 of Plaintiffs' Complaint does not call for a response from Defendant Allstate. To the extent Paragraph 79 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

80. Paragraph 80 of Plaintiffs' Complaint does not call for a response from Defendant Allstate. To the extent Paragraph 80 calls for a response from this Defendant, Defendant Allstate denies for lack of knowledge and information upon which to form a belief at this time.

WHEREFORE Defendant Allstate Indemnity Company having fully answered Count V respectfully requests the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under applicable law.

## **AFFIRMATIVE DEFENSES**

COMES NOW Defendant, Allstate Indemnity Company ("Allstate"), and for its Affirmative Defenses, states:

1. Plaintiffs' Complaint fails to state a claim against Allstate upon which relief may be granted.

2. Allstate reserves the right to assert any limitations or exclusions of coverage stated in Plaintiffs' Policy.

3.      Plaintiffs' claims are barred by accord and satisfaction, settlement and compromise, estoppel, payment, waiver, and/or laches.

4.      Plaintiffs caused their alleged injuries and damages or failed to mitigate them and the Court should reduce their recovery, if any, accordingly under Iowa Code Chapter 668.

5.      Allstate reserves its right to credits or set-offs for any amounts paid to or for the benefit of Plaintiffs by settlement or otherwise.

6.      The contract entered into by the parties is void.

7.      Plaintiffs engaged in misrepresentation, fraud, or concealment of material fact.

8.      Fairly debatable factual and/or legal issues justified Allstate's claims handling and/or coverage decisions with respect to Plaintiffs' subject claim.

9.      Allstate reserves its right to amend these Affirmative Defenses according to the Rules of Civil Procedure, Trial Scheduling and Discovery Plan, and Trial Scheduling Order.

## COUNTERCLAIM – FRAUDULENT MISREPRESENTATION

COMES NOW the Defendant, Allstate Indemnity Company ("Allstate"), by and through the undersigned counsel, and hereby asserts the following counterclaim against Plaintiffs Clifford and Kristi Rayburn:

1.      On June 8, 2022, Plaintiffs applied for an Allstate renter's insurance policy.

2.      In making such application, Plaintiffs represented to an Allstate agent that they rented the 302 3rd Street, Earling, Iowa, property ("subject property").

3.      In making such application, Plaintiffs inherently represented that they had a right to rent, live, occupy, and/or keep personal property at the subject property.

4.      Subsequently, Allstate issued a policy of renters insurance to Plaintiffs, specifically policy number 831 781 494 ("subject policy").

5.      On or about July 12, 2023, Plaintiffs made a claim under the subject policy for water damage to personal property at the subject property.

6.      At some point following Plaintiffs' claim for water damage, Allstate paid certain sums to Plaintiffs for the alleged damage to personal property caused by water.

7.      At a later date, Plaintiffs made a supplemental claim for the water damage to personal property at the subject property related to the water damage claim made on or about July 12, 2023.

8.      As part of Allstate's investigation into the supplemental water damage claim, Allstate requested Plaintiffs provide a lease agreement between them and the owner of the subject property.

9.      On September 21, 2022, Plaintiffs provided a Purchase Agreement/Lease to Allstate, advising they entered into a lease with Wendy Hudson, the owner of the subject property.

10.     On September 27, 2022, Plaintiff, Clifford Rayburn, represented that Plaintiffs paid rent to Ms. Hudson with an agreement to ultimately purchase the house.

11.     On October 28, 2022, Allstate received an Affidavit from Wendy Hudson stating she owned the subject property; she had never allowed, acquiesced, authorized, or permitted the Rayburns to have any presence or occupancy at the subject property; she had not rented the subject property to the Rayburns; she had not received any sum of money or other consideration from the Rayburns for rent or purchase of the subject property; and she had not entered into an agreement or lease for the subject property with the Rayburns.

12.     As such, Plaintiffs made misrepresentations or fraudulent representations regarding their rental of the subject property in obtaining the subject policy.

13.     The representations were false.

14.     The representations were material to Allstate decision to issue the subject policy.

15.     Plaintiffs knew the representations were false.

16.     Plaintiffs intended to deceive Allstate in obtaining the subject policy.

17.     Allstate acted in reliance on the truth of the representations and was justified in relying on the representations.

18.     The representations were a cause of Allstate's damages.

19.     Allstate has suffered damages as a result of Plaintiffs' representations.

WHEREFORE, Defendant/Counterclaimant, Allstate Indemnity Company, respectfully requests that this Court enter judgment against Plaintiffs, including interests, costs, fees, and any other item this Court deems just and warranted under the facts and applicable Iowa law.

## DEMAND FOR JURY TRIAL

COMES NOW Defendant, Allstate Indemnity Company, and demands a jury trial.


Respectfully submitted,

HOPKINS & HUEBNER, P.C.


By__/s/ Jessica A. Eglseder_____
   Jessica A. Eglseder, AT0013395
   2700 Grand Avenue, Suite 111
   Des Moines, IA 50312
   Telephone:  515-244-0111
   Facsimile:  515-697-4299
   jeglseder@hhlawpc.com

ATTORNEYS FOR DEFENDANT

Original filed.

Copy to:

John Q. Stoltze, AT0013285
Breanne A. Gilpatrick, AT0015256
STOLTZE LAW GROUP, PLC
300 Walnut, Ste. 260
Des Moines, Iowa 50309
Telephone: 515-989-8529
Facsimile:  515-989-8530
Email: john.stoltze@stoltze.law
Email: breanne.gilpatrick@stoltze.law
ATTORNEYS FOR PLAINTIFFS

| **CERTIFICATE OF SERVICE** |
| --- |
| The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 23rd day of October, 2023. |
| By  ☐ U.S. Mail          ☐ Fax |
| ☐ Hand Delivery    ☒ Electronically through CM-ECF |
| ☐ Private Carrier   ☐ Other:_____ |
| Signature____ */s/ Jessica A. Eglseder*_____ |

\\HHLAWPC\DSM Shared\JAE\0018-2092-Rayburn, Cliff\Pleadings\Drafted\Answer & Counterclaim.docx4270